**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| KIRWAN OFFICES S.À R.L., | : Case No. 16-22321 (RDD) |
| | : |
| Debtor. | : |
| | : |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND
## ORDER APPROVING AND CONFIRMING THE COMBINED
## FIRST AMENDED PLAN OF REORGANIZATION AND
## DISCLOSURE STATEMENT OF KIRWAN OFFICES S.À R.L.

Upon the motion (the "Plan Procedures Motion") of Lapidem Ltd. ("Lapidem")

and Mascini Holdings Limited ("Mascini" and together with Lapidem, the "Plan Proponents"),

the largest unsecured creditors of debtor and debtor in possession Kirwan Offices S.à r.l.

("Kirwan" or the "Debtor"), for entry of an order establishing certain procedures with respect to

confirmation of the plan of reorganization for Kirwan proposed by Lapidem and Mascini; and

upon the Court's order granting the Plan Procedures Motion (the "Scheduling Order") which

approved solicitation, notice and objection procedures with respect to the entry of an order (the

"Confirmation Order") approving and confirming a combined plan of reorganization and

disclosure statement for Kirwan to be proposed by Lapidem and Mascini; and Lapidem and

Mascini having filed the Combined First Amended Plan of Reorganization and Disclosure

Statement for Kirwan Offices S.à r.l. dated February 28, 2017, as it may be amended,

supplemented or modified, including by the Plan Supplement (as defined below) (the "Combined

Plan and Disclosure Statement" or the "Plan") [Docket No. 110]; and the Court having

considered the Combined Plan and Disclosure Statement, the Plan Proponents' Memorandum of

Law in Support of Entry of an Order Confirming the Combined First Amended Plan of

Reorganization and Disclosure Statement of Kirwan Offices S.à r.l. (the "Confirmation Brief")

[Docket No. 128], the Declaration of Richard A. Deitz in Support of Confirmation of the

Combined First Amended Plan of Reorganization and Disclosure Statement of Kirwan Offices

S.à r.l., including all exhibits attached thereto (the "Deitz Declaration") [Docket No. 123], the

Declaration of Martin Pascoe in Support of Confirmation of the Combined First Amended Plan

of Reorganization and Disclosure Statement of Kirwan Offices S.à r.l. (the "Pascoe Declaration")

[Docket No. 124], the Declaration of Job van Hooff of Stibbe N.V. previously filed with the

Court and admitted into evidence in connection with a hearing conducted on January 27, 2017 on

a motion by Mr. Stephen Lynch to, among other things, dismiss the Chapter 11 Case (the "van

Hooff Declaration") [Docket No. 64.], and the Declaration of Jason A. Kestecher Regarding

Tabulation of Votes on the Combined First Amended Plan of Reorganization and Disclosure

Statement of Kirwan Offices S.à r.l. (the "Tabulation Declaration") [Docket No. 127]; and the

Court having held a hearing on March 20, 2017 pursuant to sections 105(d)(2)(B)(vi), 1125,

1128 and 1129 of the Bankruptcy Code to consider the adequacy of the disclosure statement

contained in the Combined Plan and Disclosure Statement (the "Disclosure Statement") and

confirmation of the Plan (the "Confirmation Hearing"); and the Court having admitted into the

record and considered as evidence at the Confirmation Hearing the Deitz Declaration, the Pascoe

Declaration, the van Hooff Declaration, the Tabulation Declaration, the Plan Supplement, and

the Certificate of Service (as defined below); and the Court having taken judicial notice of the

contents of the docket of the above-captioned Chapter 11 case maintained by the clerk of the

Court and/or its duly-appointed agent, including all pleadings and other documents filed and

orders entered thereon; and after due deliberation thereon and good and sufficient cause

appearing therefor; and there being no objections to approval of the Disclosure Statement or

confirmation of the Plan; and upon the record of the Confirmation Hearing, including the Court's

bench rulings at such hearing, which are incorporated herein, it is hereby

DETERMINED, FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**[1]

A.      Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and

1334(a)). This Court has jurisdiction over the above-captioned chapter 11 case of the Debtor

(the "Chapter 11 Case") pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409. Approval of the Disclosure Statement and solicitation

and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L), 28

U.S.C. § 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.). This Court has jurisdiction to enter a final order with respect thereto. This Court

has jurisdiction to determine whether the Plan complies with the applicable provisions of the

Bankruptcy Code and should be approved and confirmed.

B.      Chapter 11 Petition and Order for Relief. On March 15, 2016 (the

"Petition Date"), Lapidem and Mascini commenced the above-captioned case by filing an

involuntary petition against the Debtor under chapter 11 of the United States Bankruptcy Code,

11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the

Southern District of New York (the "Chapter 11 Case"). On July 5, 2016, this Court entered an

order for relief granting the involuntary petition. [Docket No. 43]. The Debtor continues to

operate its business as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of

---

[1]     Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

the Bankruptcy Code. No committee of unsecured creditors or other statutory committee has

been appointed under section 1102 of the Bankruptcy Code.

        C.      Filing of Plan and Disclosure Statement. On February 15, 2017, the Plan

Proponents filed the Plan of Reorganization of Kirwan Offices S.à r.l. [Docket No. 97]. On

February 28, 2017 the Plan Proponents filed the Combined First Amended Plan of

Reorganization and Disclosure Statement of Kirwan Offices S.à r.l. (as defined above, the

"Combined Plan and Disclosure Statement" or the "Plan") [Docket No. 101], a copy of which is

attached hereto as Exhibit A.

        D.      Plan Supplement. On March 14, 2017 the Plan Proponents filed a

supplement (the "Plan Supplement") to the Plan [Docket No. 120]. The Plan Supplement

discloses the identity of the proposed directors and officers of the Reorganized Debtor. The Plan

Supplement also attaches (i) the Amended Kirwan Governance Documents, (ii) the Board and

Shareholder Circulars, (iii) the Modified Loan, and (iv) the New Money Loan, as each of such

terms is defined in the Plan

        E.      Transmittal of Solicitation Package. As set forth in the Certificate of

Service of Jason N. Kestecher, on February 28, 2017 [Docket No. 111] (the "February 28

Certificate of Service"), counsel to the Plan Proponents served the form of ballot attached to the

Scheduling Order as Exhibit 1 (the "Ballot"), a copy of the Combined Plan and Disclosure

Statement, a copy of the Confirmation Hearing Notice (defined below), and the form of

subscription agreement attached to the Plan Procedures Motion as Exhibit C (the "Solicitation

Package") were duly and properly served on Mr. Stephen Lynch, the only party entitled to vote

to accept or reject the Plan other than the Plan Proponents, as required by Bankruptcy Code

sections 1125 and 1126, Rules 3017, 3018 and 7004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations applicable to such solicitation, including with respect to the New Money Loan Offering, and section 4(a)(2) and any other applicable sections of the Securities Act of 1933. Sufficient time was prescribed for Mr. Lynch to accept or reject, and to object to, the Plan. Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

F. Mailing of Confirmation Hearing Notice. On February 28, 2017, Lapidem and Mascini caused the Notice of Confirmation Hearing, attached to the Plan Procedures Motion as Exhibit B (the "Confirmation Hearing Notice") to be mailed to all of the Debtor's known creditors and interest holders of record. See February 28 Certificate of Service. Accordingly, the Plan Proponents have given proper, adequate and sufficient notice of the hearing to approve the Disclosure Statement as required by Bankruptcy Rule 3017(a). The Plan Proponents also have given proper, adequate and sufficient notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). Due, adequate, and sufficient notice of the Disclosure Statement and the Plan, along with deadlines for filing objections to the Plan and the Disclosure Statement, has been given to all known holders of Claims and Existing Interests.[2] No other or further notice is or shall be required.

G. Objections. All parties, including Mr. Stephen Lynch, have had a full and fair opportunity to litigate matters related to approval of the Disclosure Statement and confirmation of the Plan. All objections and all reservations of rights that have not been

---

[2] Capitalized terms used but not defined herein have the meanings provided in the Plan.

withdrawn, waived or settled, if any, pertaining to the solicitation procedures, the Disclosure
Statement, or the confirmation of the Plan are OVERRULED on the merits.

        H.     Adequacy of Disclosure Statement. The information contained in the
Disclosure Statement contained the material information regarding the Plan necessary so that Mr.
Lynch could make an informed decision regarding the Plan. Additionally, the Disclosure
Statement contains "adequate information" as that term is defined in Bankruptcy Code section
1125(a) and complies with any additional requirements of the Bankruptcy Code and the
Bankruptcy Rules, as well as with applicable non-bankruptcy law. Without limiting the
foregoing, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c)
by sufficiently describing in specific and conspicuous bold language the provisions of the Plan
that provide for releases, injunctions and exculpations against conduct not otherwise enjoined
under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to
the releases, injunctions and exculpations.

        I.     Solicitation. Votes for acceptance or rejection of the Plan were solicited
in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code,
Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code,
the Bankruptcy Rules, the Local Rules, and all other rules, laws, and regulations. Pursuant to the
Plan, the only Impaired Classes are Class 2 Existing Loan Claims and Class 4 Existing Interests.
The Plan provides with respect to Class 2 Existing Loan Claims that Lapidem and Mascini, the
Plan Proponents, support the Plan and are deemed to accept the Plan on account of their Existing
Loan Claims without the need for formally casting a ballot in favor of the Plan. With respect to
Class 4 Existing Interests, the Plan similarly provides that Lapidem and Mascini support the Plan
and are deemed to accept the Plan on account of their Existing Interests without the need for

6

formally casting a ballot in favor of the Plan. The Plan further provides with respect to Class 4 Existing Interests that Mr. Stephen Lynch is allowed to cast a vote accepting or rejecting the Plan on account of his Existing Interest. The Plan Proponents commenced solicitation of Mr. Lynch's vote on February 28, 2017, having provided him with a substantially similar version of the Plan on or about February 15, 2017, and pursuant to the Scheduling Order, the Voting Deadline remained open until March 17, 2017 and did not prescribe an unreasonably short time for Mr. Lynch to accept or reject the Plan. The form of ballot for Mr. Lynch was adequate and appropriate and complied with Bankruptcy Rule 3018(c). The establishment of the Voting Deadline by this Court as March 17, 2017 was proper under Bankruptcy Rule 3017(c). Accordingly, the solicitation of the Plan complied with the provisions of Bankruptcy Code section 1125.

       J.      <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court in the Chapter 11 case, including the evidence presented at the Confirmation Hearing, all persons who solicited votes on the Plan, including any such persons released pursuant to Article VIII.D of the Plan, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article VIII.E of the Plan and (i) have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Scheduling Order, and all other applicable rules, laws, and regulations in connection with all of their respective activities relating to the Plan, including the solicitation of acceptances of the Plan, and (ii) have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance and solicitation will not be,

liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan.

      K.      <u>Tabulation Results</u>.  As evidenced by the Tabulation Declaration, the Voting Classes have accepted the Plan in accordance with section 1126 of the Bankruptcy Code. All procedures used to tabulate the Ballots were fair and reasonable and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.

      L.      <u>Bankruptcy Rule 3016</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The combining of the Disclosure Statement with the Plan and the filing of such Combined Plan and Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b) and section 105(d)(2)((vi) of the Bankruptcy Code.

      M.      <u>Burden of Proof</u>.  As more fully set forth herein, the Plan Proponents have met their burden of proving each of the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation of the Plan.  The evidentiary record of the Confirmation Hearing supports the findings of facts and conclusions of law set forth in the following paragraphs.

      N.      <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan satisfies section 1129(a)(1) of the Bankruptcy Code because it complies with the applicable provisions of the Bankruptcy Code.  In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

i.     Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).  In

particular, Article III of the Plan adequately and properly identifies and classifies all Claims and

Existing Interests.  The Plan designates three (3) Classes of Claims and one (1) Class of Existing

Interests.  The Claims and Existing Interests placed in each Class are substantially similar to

other Claims or Existing Interests, as the case may be, in each such Class, and such classification

therefore satisfies section 1122 of the Bankruptcy Code.  Valid business and legal reasons exist

for the various Classes of Claims and Existing Interests created under the Plan, and such Classes

do not unfairly discriminate between holders of Claims or Existing Interests.  Thus, the Plan

satisfies section 1123(a)(1) of the Bankruptcy Code.

ii.     Specified Treatment of Unimpaired Classes (11 U.S.C. §

1123(a)(2)).  The Plan specifies in Article III that Classes 1 and 3 are Unimpaired under the Plan,

thereby satisfying section 1123(a)(2) of the Bankruptcy Code.  Article II of the Plan specifies

that Allowed Administrative Claims and Priority Tax Claims will be paid in full in accordance

with the terms of the Plan, although these Claims are not classified under the Plan.  Interest will

be paid on administrative expense claims owed to the United States under 11 U.S.C. § 503(b)(1).

iii.     Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).

The Plan specifies in Article III that Classes 2 and 4 are Impaired under the Plan and sets forth

the treatment of the Impaired Classes in Article III of the Plan, thereby satisfying section

1123(a)(3) of the Bankruptcy Code.

iv.     No Discrimination (11 U.S.C. § 1123(a)(4)).  Article III of the Plan

provides for the same treatment for each Claim or Existing Interest in each respective Class

unless the holder of a particular Claim or Existing Interest has agreed to a less favorable

9

treatment of such Claim or Existing Interest. Accordingly, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

v.  Implementation of the Plan (11 U.S.C. § 1123(a)(5)). Article IV of the Plan provides adequate and proper means for implementation of the Plan, including implementation of the Transaction Process, the Amended Kirwan Governance Documents and the New Money Loan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

vi.  Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)). Article IV.D of the Plan provides that the organizational documents of the Reorganized Debtor shall be amended as necessary to satisfy the provisions of the Plan and the Bankruptcy Code, including section 1123(a)(6). Accordingly, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

vii.  Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). The Plan Proponents have identified and disclosed the proposed board of managers of the Reorganized Debtor in the Plan Supplement. The manner of selection and appointment of the board of managers of the Reorganized Debtor under the Plan is consistent with the interests of holders of Claims and Existing Interests and with public policy and, thus, satisfies section 1123(a)(7) of the Bankruptcy Code.

viii.  Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)). In accordance with section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan Impairs or leaves Unimpaired, as the case may be, each Class of Claims and Existing Interests.

ix.  Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). In accordance with section 1123(b)(2) of the Bankruptcy Code, Article V of the Plan provides for the assumption, assumption and assignment, or rejection, if

applicable, of the Executory Contracts of the Debtor that have not been previously assumed or assumed and assigned pursuant to section 365 of the Bankruptcy Code. Upon entry of this Order, the SHA shall be deemed terminated by its terms, including sections 1.9, 1.11 and 23.1 thereof.

           x.      Settlement and Preservation of Claims and Causes of Action (11 U.S.C. § 1123(b)(3)). In accordance with section 1123(b)(3)(A) of the Bankruptcy Code, settlements and compromises under the Plan of, among other things, causes of action subject to the releases and exculpation provided in Article VIII of the Plan are fair, reasonable, and in the best interest of the Reorganized Debtor. In accordance with section 1123(b)(3)(B) of the Bankruptcy Code and Article IV.L of the Plan, and except where such Causes of Action have been expressly released (including, for the avoidance of doubt, pursuant to the releases by the Reorganized Debtor provided by Article VIII.D of the Plan), the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including but not limited to the Lynch Causes of Action, and the Reorganized Debtor's rights to commence, prosecute or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date.

           xi.      Modification of Rights (11 U.S.C. § 1123(b)(5)). In accordance with section 1123(b)(5) of the Bankruptcy Code, Article III of the Plan modifies or leaves unaffected, as the case may be, the rights of certain holders of Claims and Existing Interests in Classes 1 through 4.

           xii.      Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with the applicable provisions of the Bankruptcy Code.

xiii.    <u>Debtor Is Not An Individual (11 U.S.C. § 1123(c))</u>. The Debtor is

not an individual.  Section 1123(c) of the Bankruptcy Code therefore is inapplicable to this

Chapter 11 Case.

xiv.    <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. In accordance with section

1123(d) of the Bankruptcy Code, Article V.C of the Plan provides for the satisfaction of Cure

Claims associated with each Executory Contract to be assumed pursuant to the Plan in

accordance with section 365(b)(1) of the Bankruptcy Code.  All Cure Claims will be determined

in accordance with the underlying agreements and applicable law.  The Reorganized Debtor has

provided adequate assurance of cure or prompt cure with respect to each Executory Contract to

be assumed pursuant to the Plan.

O.    <u>Plan Proponents' and Debtor's Compliance with Bankruptcy Code (11</u>

<u>U.S.C. § 1129(a)(2))</u>. The Plan Proponents and the Debtor have complied with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Scheduling Order, and other

orders of this Court, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  In particular,

the Debtor is a proper debtor under section 109 of the Bankruptcy Code.  The Plan Proponents

are proper proponents of the Plan pursuant to section 1121(a) of the Bankruptcy Code.  The Plan

Proponents complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules and the Scheduling Order in transmitting the Plan, the Disclosure

Statement, the Ballot and notices and in soliciting and tabulating votes on the Plan.

P.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan

Proponents have proposed the Plan in good faith, for proper purposes, and not by any means

forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining

that the Plan has been proposed in good faith, the Court has examined the totality of the facts and

circumstances surrounding the filing of the Chapter 11 Case, the formulation of the Plan and all

modifications thereto, including the Transaction Process. The Plan was proposed with the

intention of accomplishing a successful reorganization, and for no nefarious or ulterior purpose,

and is in the best interests of Kirwan and its stakeholders. The Plan Proponent's good faith also

is evident from the Transaction Process, the New Money Loan Offering, the record of the

Confirmation Hearing and the other proceedings in this Chapter 11 Case. The Plan fairly

achieves a result consistent with the objectives and purposes of the Bankruptcy Code. The Plan

Proponents, the Reorganized Debtor (as applicable) and each of their respective affiliates,

partners, officers, directors, employees, advisors and professionals (i) acted in good faith in

negotiating, formulating, and proposing, where applicable, the Plan and the agreements,

compromises, settlements, transactions, and transfers contemplated thereby, and (ii) will be

acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises,

settlements, transactions, transfers, and documentation contemplated by the Plan, including, but

not limited to, the Plan Supplement documents, and (b) take any actions authorized and directed

or contemplated by this Confirmation Order. Thus, the Plan satisfies the requirements of section

1129(a)(3) of the Bankruptcy Code.

Q. **Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**
The procedures set forth in the Plan for the Court's review and ultimate determination of the fees

and expenses to be paid by the Debtor in connection with the Chapter 11 Case, or in connection

with the Plan and incident to the Chapter 11 Case, satisfy the objectives of, and are in

compliance with, section 1129(a)(4) of the Bankruptcy Code. The Plan Proponents have

represented that the Debtor has no such fees and expenses to pay, as the Plan Proponents have

paid or will pay directly any such fees and expenses.

13

R.    Board of Managers, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  The
Plan Proponents have sufficiently disclosed the initial members of the new board of managers of
the Reorganized Debtor, including the identity of any insider that will be employed or retained
by the Reorganized Debtor.  The Plan Proponents have also disclosed the process and procedure
for selecting additional members of the new board of managers of the Reorganized Debtor.  The
appointment to, or continuance in, such office of each individual, and the methods established
therefore, are consistent with the interests of holders of Claims and Existing Interests, and with
public policy.  Therefore, section 1129(a)(5) of the Bankruptcy Code is satisfied with respect to
the Plan.

S.    No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) of the
Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over
which a governmental regulatory commission has jurisdiction.

T.    Best Interests Test (11 U.S.C. § 1129(a)(7)).  The Deitz Declaration and
other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible,
(ii) are based upon reasonable and sound assumptions, (iii) provide a reasonable estimate of the
relative results of the Yukos Finance Litigation in the event the Debtor were to be liquidated
under Chapter 7 of the Bankruptcy Code versus reorganized pursuant to the Plan, and
(iv) establish that each holder of a Claim or Existing Interest in an Impaired Class that has not
accepted the Plan will receive or retain under the Plan, on account of such Claim or Existing
Interest, property of a value, as of the Effective Date, that is not less than the amount that such
holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on
such date.  In particular, as demonstrated by the Tabulation Declaration, all holders of Claims
and Existing Interests have accepted the Plan other than Mr. Stephen Lynch on account of his

14

Existing Interest. Based upon the Deitz Declaration, the value of Kirwan is less than the amount

of the Existing Loans held by the Plan Proponents and hence, holders of Existing Interests in

Kirwan are not entitled to any property or recovery on account of such Existing Interests. This is

true regardless of whether the Yukos Finance Litigation is pursued or resolved under the Plan or

in a Chapter 7 liquidation. The Plan therefore satisfies section 1129(a)(7) of the Bankruptcy

Code.

   U. Acceptance By Certain Classes (11 U.S.C. § 1129(a)(8)). Classes 1 and 3

are Unimpaired by the Plan and, therefore, under section 1126(f) of the Bankruptcy Code, such

Classes are conclusively presumed to have accepted the Plan. Classes 2 and 4 are Impaired

under the Plan. Holders of Claims and Existing Interests in such Classes were entitled to vote on

the Plan. According to the Tabulation Declaration, both Classes voted to accept the Plan.

Accordingly, Bankruptcy Code section 1129(a)(8) has been satisfied with respect to Classes 1

through 4.

   V. Treatment of Administrative and Priority Tax Claims and Priority Non-

Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims and Priority Non-

Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the

Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the

requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

   W. Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)). Class 2 is

Impaired by the Plan. Class 2 voted to accept the Plan. Accordingly, at least one Class of

Impaired Claims voted to accept the Plan. Therefore, section 1129(a)(10) of the Bankruptcy

Code is satisfied with respect to the Plan.

X.    Feasibility (11 U.S.C. § 1129(a)(11)). The Plan is feasible and has a reasonable probability of succeeding within a reasonable period of time. The Plan does not provide for the liquidation of all or substantially all of the property of the Debtor, except insofar as Reorganized Kirwan may determine, after the Effective Date, to resolve the Yukos Finance Litigation in its sole and absolute discretion. The Deitz Declaration and the evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other credible evidence or sufficiently challenged in any of the objections to the Plan, and (iii) establish that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation of the Reorganized Debtor or the need for further financial reorganization of the Reorganized Debtor. Therefore, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

Y.    Payment of Fees (11 U.S.C. § 1129(a)(12)). The Plan Proponents will have paid by the Effective Date any fees payable under 28 U.S.C. § 1930 and any statutory interest thereon, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

Z.    Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections 1129(a)(13)-(16) are inapplicable as the Debtor (i) does not have employees or retiree benefit obligations (1129(a)(13)), (ii) has no domestic support obligations (1129(a)(14)), (iii) is not an individual (1129(a)(15)), and (iv) is a for-profit businesses (1129(a)(16)).

AA.    Section 1129(b); Confirmation of Plan Over Nonacceptance of Impaired Classes. All Classes of Claims and Existing Interests have either accepted the Plan or are deemed to accept the Plan. Bankruptcy Code section 1129(b) therefore is not applicable to confirmation of the Plan.

BB. **Only One Plan (11 U.S.C. § 1129(c))**. Only one Plan is being sought to be confirmed in the Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

CC. **Principal Purpose of Plan (11 U.S.C. § 1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

DD. **Small Business Case (11 U.S.C. § 1129(e))**. Section 1129(e) is inapplicable because this Chapter 11 Case does not qualify as small business cases thereunder.

EE. **Satisfaction of Confirmation Requirements**. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

FF. **Executory Contracts**. The determination of whether to assume or reject the Executory Contracts pursuant to Article V of the Plan is a reasonable exercise of business judgment. Each assumption of an Executory Contract pursuant to Article V of the Plan shall be legal, valid and binding upon the Debtor or Reorganized Debtor and its assignees or successors and all non-Debtor parties (and their assignees or successors) to such Executory Contract, all to the same extent as if such assumption had been effectuated pursuant to an order of the Court entered before the date of the entry of this Confirmation Order (the "Confirmation Date") under section 365 of the Bankruptcy Code.

GG. **Adequate Assurance**. The Debtor has cured, or provided adequate assurance that the Reorganized Debtor will promptly cure, defaults (if any) under or relating to each of the Executory Contracts that are being assumed by the Debtor pursuant to the Plan.

17

HH.    Discharge, Injunction, Release and Exculpation.  This Court has

jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the

discharge, injunction, exculpation, and release set forth in Article VIII of the Plan.  Each of the

discharge, injunction, exculpation and release set forth in Article VIII of the Plan are fair and

necessary to the Plan.  Such provisions  are given in exchange for and are supported by fair,

sufficient, and adequate consideration provided by each and all of the parties obtaining the

benefit of such provisions.  Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy

Rule 9019(a), such provisions are fair, equitable, reasonable, and in the best interests of the

Debtor and the Reorganized Debtor, its Estate, and the holders of Claims and Existing Interests.

This Court's findings of fact to support the approval of these provisions, based on the record

established at the Confirmation Hearing, including the Deitz Declaration, are set forth below.

(a)     Compromise and Settlement.  Pursuant to section 363 of the

Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other

benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith

compromise of all Claims, Existing Interests and controversies relating to the contractual, legal

and subordination rights that a holder of a Claim or Existing Interest may have with respect to any

Allowed Claim or Existing Interest, or any distribution to be made on account of such Allowed

Claim or Existing Interest.  These compromises and settlements are (i) in the best interests of the

Debtor, its Estates and creditors, and other parties in interest; (ii) fair, equitable, proposed in good

faith and reasonable; and (iii) an essential element of the resolution of this Chapter 11 Case in

accordance with the Plan.  Each of the discharge, injunction, exculpation, and release  provisions

set forth in the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. §§ 157(a),

157(b)(2), and 1334(a); (ii) is an essential means of implementing the Plan pursuant to section

1123(a)(5) of the Bankruptcy Code; (iii) is an integral element of the transactions incorporated

into the Plan; (iv) confers a material benefit on, and is in the best interest of, the Debtor, its Estate

and its creditors; (v) is important to the overall objectives of the Plan to finally resolve all Claims;

and (vi) is consistent with sections 105, 1123, 1129 and other applicable provisions of the

Bankruptcy Code.

> (b)  <u>Fairness</u>.

The Released Parties have provided, or have agreed to provide, a substantial

contribution that was essential to make the Plan feasible and to provide a fair result and fair

consideration for affected creditors.  They therefore have provided substantial and necessary

contributions in exchange for the discharge, injunction, exculpation and release provisions,

including, among other things, (a) providing the time, effort, resources and funding necessary to

propose and seek confirmation of the Plan, (b) if the Plan Proponents determine that the best

alternative under the circumstances is continued pursuit of the Yukos Finance Litigation, being

prepared to cause the Reorganized Debtor to have sufficient funds to continue paying the fees

and expenses necessary to do so, (c) being prepared to fully fund a $3 million New Money Loan

to pay in full all Administrative Claims, Priority Tax Claims, Priority Non-Tax Claims and

General Unsecured Claims, and (d) compromising the Plan Proponents' Existing Loan Claims

and Existing Interests.

> (c)  <u>Necessity to the Reorganization</u>.  The discharge, injunction,

exculpation and release provisions of the Plan are critical to the success of the Plan and are

narrowly tailored to achieve their purposes.  Without such provisions and enforcement thereof

through the Plan's injunction provisions, the purposes of the Plan would be defeated.

(d)     Record Supports Specific Findings. The record of the Confirmation

Hearing and the Chapter 11 Case is sufficient to support the discharge, injunction, exculpation

and release provisions contained in the Plan.

II.     **EXCULPATION**     No Released Party shall have or incur, and each

Released Party is hereby released and exculpated from, any Exculpated Claim, obligation, Cause

of Action or liability for any Exculpated Claim. The term "Released Party" means each of (a)

Kirwan; (b) Lapidem and Mascini; (c) the current and former directors and officers of Kirwan

other than Mr. Stephen Lynch; (d) HBK Master Fund, L.P.; (e) Jervis Properties, Inc.; (f)

Renaissance Capital Holdings Limited (Bermuda) and Renaissance Holdings Management Ltd.;

(g) VR Advisory Services Ltd., VR Advisory Services (USA) LLC, VR Capital Group Ltd., and

VR Global Partners, L.P. and their affiliates; and (h) with respect to each of the foregoing

persons in clauses (a) through (g), to the extent relevant, such person's current and former

affiliates, subsidiaries, managed accounts or funds, officers, directors, partners, principals,

employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants,

representatives, management companies, fund advisors and other professionals, and officers,

directors, partners, principals, employees and agents thereof, in each case in their capacity as

such. Subject to paragraph 25 hereof, the term "Exculpated Claim" means any claim related to

any act or omission in connection with, relating to or arising out of Kirwan's, Lapidem's,

Mascini's or the VR Global entities' or their affiliates' in or out-of-court restructuring efforts,

including the filing of the Chapter 11 Case, the formulation, preparation, dissemination,

negotiation or filing of the Plan or any contract, instrument, release or other agreement or

document created or entered into in connection with the Plan, the pursuit of Confirmation, and

the pursuit of consummation of the Plan, including elimination of that certain Shareholders'

Agreement by and among Lapidem, Mascini, Kirwan, VR Global Partners, L.P., Renaissance

Holdings Management Limited, and Mr. Stephen Lynch dated August 30, 2007, as amended,

modified, or supplemented from time to time.

JJ.    **INJUNCTION.**  ALL PERSONS, INCLUDING MR. STEPHEN

LYNCH, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS OR EXISTING INTERESTS

THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION,

INCLUDING THE EXCULPATED CLAIMS, ARE PERMANENTLY ENJOINED FROM

TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE RELEASED PARTIES:  (1)

COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER

PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH

RESPECT TO ANY SUCH CLAIMS, EXISTING INTERESTS OR EXCULPATED CLAIMS;

(2) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR

MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST SUCH PERSONS

ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH

CLAIMS, EXISTING INTERESTS OR EXCULPATED CLAIMS; (3) CREATING,

PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH

PERSONS OR THE PROPERTY OR ESTATES OF SUCH PERSONS ON ACCOUNT OF OR

IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS, EXISTING

INTERESTS OR EXCULPATED CLAIMS; AND (4) COMMENCING OR CONTINUING IN

ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT

OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS,

EXISTING INTERESTS OR EXCULPATED CLAIMS THAT ARE RELEASED, SETTLED

OR DISCHARGED PURSUANT TO THE PLAN

KK.  Issuance of New Shares.  Issuance of the New Class A-1 Shares and the New Class B-1 Shares is an essential element of the Plan and is in the best interests of the Debtor, its Estate, and its creditors. The Reorganized Debtor is authorized, without further approval of this Court or any other party, to issue such shares in accordance with the Plan and to execute and deliver all agreements, documents, instruments, and certificates relating thereto.  All persons, including Mr. Stephen Lynch, are restrained and enjoined from interfering in any way with the foregoing.

LL.  Issuance of Modified Loans and New Money Loan. Issuance of the Modified Loans and the New Money Loan are essential elements of the Plan and in the best interests of the Debtor, its Estate, and its creditors.  The Reorganized Debtor is authorized without further approval of this Court or any other party, to issue the Modified Loans and the New Money Loan in accordance with the Plan and to execute and deliver all agreements, documents, instruments, and certificates relating thereto.  All persons, including Mr. Stephen Lynch, are restrained and enjoined from interfering in any way with the foregoing.

MM.  Restructuring Transactions.  The Reorganized Debtor's entry into and assumption of all obligations under and in respect of the transactions contemplated by Article IV of the Plan and the other transactions contemplated by the Plan (collectively, the "Restructuring Transactions") is an exercise of reasonable business judgment, proposed in good faith, critical to the success and feasibility of the Plan and in the best interests of the Debtor, the Reorganized Debtor, the Estate and creditors.  The Restructuring Transactions were proposed, and entered into or will be entered into, as the case may be, by the Plan Proponents, the Debtor, the Reorganized Debtor, and the counterparties thereto without collusion, in good faith, and from arm's-length bargaining positions.  All documents heretofore executed in connection with the

22

Restructuring Transactions are valid, binding and enforceable agreements and are not in conflict

with any applicable federal or state law, and all documents to be executed following entry of this

Confirmation Order in connection with the Restructuring Transactions, upon their execution, will

be valid, binding and enforceable agreements and will not be in conflict with any applicable

federal or state law.

NN.    <u>Plan Conditions to Confirmation</u>.  The conditions to confirmation set forth

in Article IX of the Plan have been satisfied or waived in accordance with the terms of the Plan.

OO.    <u>Plan Conditions to Consummation</u>.  Each of the conditions to the Effective

Date, as set forth in Article IX of the Plan, is reasonably likely to be satisfied or waived in

accordance with the terms of the Plan.

PP.    <u>Retention of Jurisdiction</u>.  The Court properly may retain jurisdiction over

the matters set forth in Article XI of the Plan, including to enforce the terms of the exculpation

and injunction provided for therein and described above.

## DECREES

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

### Confirmation of Plan and Related Matters

1.    <u>Approval Of Disclosure Statement</u>.  Pursuant to Bankruptcy Rule 3017(b),

the Disclosure Statement is approved under Bankruptcy Code section 1125(a).

2.    <u>Solicitation</u>.  The manner and procedure for soliciting and evidencing

votes on the Plan, including the voting deadline, the ballot sent to Mr. Lynch, and the agreed,

deemed acceptance of the Plan by the Plan Proponents without the need for them to provide

ballots, are approved under sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules

3017, 3018 and 7004, the Local Rules, and all other applicable provisions of the Bankruptcy

Code, and all other laws, rules and regulations applicable to the solicitation.

3.      <u>Confirmation</u>.  The Plan, in the form attached hereto as <u>Exhibit A</u>, including all provisions thereof and all Exhibits attached thereto, is approved and confirmed under section 1129 of the Bankruptcy Code.  All acceptances and rejections previously cast for or against the Plan are hereby deemed to constitute acceptances or rejections of the Plan in the form attached to this Order.

4.      <u>Confirmation Order Binding on All Parties</u>.  Subject to the provisions of the Plan and Bankruptcy Rule 3020(e), in accordance with section 1141(a) of the Bankruptcy Code and notwithstanding any otherwise applicable law, the terms of the Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (a) the Debtor; (b) the Reorganized Debtor; (c) any and all holders of Claims or Existing Interests, including Mr. Stephen Lynch (irrespective of whether such Claims or Existing Interests are Impaired under the Plan or whether the holders of such Claims or Existing Interests accepted, rejected or are deemed to have accepted or rejected the Plan); (d) any other person giving, acquiring or receiving property under the Plan; (e) any and all non-Debtor parties to executory contracts or unexpired leases with the Debtor; (f) the Plan Proponents; and (g) the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing.  **All settlements, compromises, releases, waivers, discharges, exculpations and injunctions set forth in the Plan shall be effective and binding on all Persons, including Mr. Stephen Lynch, who may have had standing to assert any settled, released, discharged, exculpated or enjoined causes of action, and no other Person or entity shall possess such standing to assert such causes of action after the Effective Date.**

5.  <u>Notice</u>. Notice of the Plan, the exhibits thereto (and all amendments and modifications thereto), the Disclosure Statement, the Solicitation Package and the Confirmation Hearing was proper and adequate.

6.  <u>Objections to the Plan Are Overruled</u>. All objections and all reservations of rights that have not been withdrawn, waived or settled, pertaining to the confirmation of the Plan are OVERRULED in their entirety and on the merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

7.  <u>Effectiveness of All Actions</u>. All actions contemplated by the Plan are hereby authorized and approved in all respects (subject to the provisions of the Plan). The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Plan Proponents or the Reorganized Debtor or any officer or director thereof to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order. Pursuant to this Order and other applicable law, on and after the Effective Date, the Reorganized Debtor and the officers and members of the board of managers thereof are authorized, empowered and directed, to take any and all such actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

8.  <u>Revesting of Assets and Operation as of the Effective Date</u>. Except as otherwise explicitly provided in the Plan, on the Effective Date, all property comprising the Estate and all Causes of Action (except those released by the Reorganized Debtor pursuant to Article VIII.D of the Plan) shall re-vest in the Reorganized Debtor, free and clear of all Claims, liens and Existing Interests of any entity other than the Debtor, including any asserted rights of

Mr. Stephen Lynch under the SHA. The Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, including the Lynch Causes of Action, whether arising before or after the Petition Date, and the Reorganized Debtor's rights to commence, prosecute or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. The Reorganized Debtor may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtor. No Person may rely on the absence of a specific reference in the Plan to any Cause of Action against them as any indication that the Debtor or Reorganized Debtor, as applicable, will not pursue any and all available Causes of Action against them. Except with respect to Causes of Action as to which the Debtor or Reorganized Debtor have released any Person on or before the Effective Date (including pursuant to the releases by the Debtor or otherwise), the Debtor or Reorganized Debtor, as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Person, except as otherwise expressly provided in the Plan. Unless any Causes of Action against a Person are expressly waived, relinquished, exculpated, released, compromised or settled in the Plan or an order of this Court, the Reorganized Debtor expressly reserves all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches, shall apply to such Causes of Action upon, after or as a consequence of the Confirmation or consummation of the Plan. As of the Effective Date, the Reorganized Debtor may operate its business and use, acquire, and dispose of property and settle and compromise Claims, including by causing PNS to settle or compromise the Yukos Finance Litigation, without supervision of the Bankruptcy Court, free of any restrictions of the

Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and this Confirmation Order.

        9.     <u>Amended Kirwan Governance Documents</u>.  The SHA is hereby deemed terminated on the Effective Date by operation of §§ 1.9, 1.11 and 23.1 thereof.  All persons who serve as managers of the Debtor as of the Effective Date shall be deemed to resign as of such date.  All such persons, including Mr. Stephen Lynch, are hereby directed to deliver such forms of resignation and any other related documents as may be necessary to evidence such resignation under Luxembourg law and any other applicable law.  All managers of the Debtor and holders of Existing Interests, including Mr. Stephen Lynch, are hereby authorized and directed to execute such documents as are necessary under Luxembourg law, including the Board and Shareholder Circulars, to approve the Amended Kirwan Governance Documents and issuance of the New Class A-1 Shares  and New Class B-1 Shares.   Mr. Stephen Lynch is hereby restrained and enjoined from interfering in any way with any of the foregoing.

        10.     <u>Governance of PNS</u>.  The board of managers of the Debtor and the Reorganized Debtor are hereby authorized and directed (a) to pass such resolutions and to cause any such changes to PNS's governing documents in each case as are necessary in order to vest sole and exclusive control of PNS in the Reorganized Debtor; (b) to cause the removal of Mr. Stephen Lynch as PNS's general director and appointment of such other person as PNS's general director as the Reorganized Debtor determines in its sole discretion, including such actions as may be necessary for the submission of any necessary papers to comply with the Russian LLC Law and other applicable law in the Russian Federation; and (c) to cause PNS to replace Mr. Stephen Lynch as provisional director of Yukos Finance.  Mr. Stephen Lynch is hereby authorized and directed to facilitate the Reorganized Debtor's control of PNS by undertaking the

27

PNS Transition Matters, and is hereby restrained and enjoined from interfering in any way with any of the foregoing.

11. Restructuring Transactions. The Restructuring Transactions are approved, and the Reorganized Debtor and its officers, managers and directors are authorized, subject to the consent rights contained in the Plan, to execute and/or amend such documents and take such actions as may be reasonably required in order to effectuate the Restructuring Transactions, including: (1) the execution and delivery of appropriate agreements or other documents of merger, consolidation, restructuring, conversion, disposition, transfer, dissolution or liquidation containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable law and any other terms to which the applicable Persons may agree; (2) the execution and delivery of appropriate instruments of transfer, assignment, assumption or delegation of any asset, property, right, liability, debt or obligation on terms consistent with the terms of the Plan and having other terms for which the applicable Persons agree; (3) the filing of appropriate certificates or articles of incorporation or amendments thereof, reincorporation, merger, consolidation, conversion or dissolution pursuant to applicable law; and (4) all other actions that the applicable Persons determine to be necessary or appropriate, including making filings or recordings that may be required by applicable law.

12. Corporate Action. Upon the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved in all respects, whether to occur before, on or after the Effective Date. All matters provided for in the Plan involving the corporate structure of the Debtor or the Reorganized Debtor, and any corporate action required by the Debtor or the Reorganized Debtor in connection with the Plan, shall be deemed to have occurred and shall be in effect, without any requirement of further action by the shareholders or managers of the

Debtor or the Reorganized Debtor. On or (as applicable) before the Effective Date, the appropriate managers of the Debtor or the Reorganized Debtor, as applicable, shall be authorized and directed to issue, execute and deliver the agreements, documents, securities, certificates of incorporation, operating agreements and instruments contemplated by the Plan (or necessary or desirable to effect the transactions contemplated by the Plan) in the name of and on behalf of the Reorganized Debtor. The authorizations and approvals contemplated by Article IV of the Plan and this Confirmation Order shall be effective notwithstanding any requirements under non-bankruptcy law.

13.     Cancellation of Existing Interests. On the Effective Date, all instruments, certificates, agreements and documents evidencing the Existing Interests in the Debtor shall be cancelled, and the obligations of the Debtor thereunder and in any way related thereto shall be fully satisfied, released and discharged.

14.     Issuance of New Shares. Issuance of the New Class A-1 Shares and New Class B-1 Shares in accordance with the Plan is approved. The Reorganized Debtor is authorized and empowered, without further approval of this Court or any other party, to take such actions and to perform such acts as may be necessary, desirable or appropriate to implement the issuance of the New Class A-1 Shares and New Class B-1 Shares in accordance with the Plan and to execute and deliver all agreements, documents, securities, instruments, and certificates relating thereto. The New Class A-1 Shares and New Class B-1 Shares to be issued are hereby deemed issued as of the Effective Date regardless of the date on which they are actually distributed. All New Class A-1 Shares and New Class B-1 Shares issued by the Reorganized Debtor pursuant to the provisions of the Plan are hereby deemed to be duly authorized, validly issued, fully paid, and non-assessable.

15. <u>Issuance of Modified Loans and New Money Loan</u>. Issuance of the Modified Loans and the New Money Loan in accordance with the Plan is approved. The Reorganized Debtor is authorized and empowered without further approval of this Court or any other party, to take such actions and to perform such acts as may be necessary, desirable or appropriate to implement the issuance of the Modified Loans and the New Money Loan in accordance with the Plan and to execute and deliver all agreements, documents, instruments, and certificates relating thereto. All Modified Loans and the New Money Loan to be issued are hereby deemed issued as of the Effective Date regardless of the date on which they are actually distributed.

16. <u>Exemptions from Securities Laws (11 U.S.C. § 1145)</u>. Pursuant to the Plan, New Class A-1 Shares and any subsequent sales, resales, transfers, or other distributions of any such securities shall be exempt from any federal or state securities laws registration requirements, including section 5 of the Securities Act, to the fullest extent permitted by section 1145 of the Bankruptcy Code. The issuance and distribution of the New Class B-1 Shares shall be exempt from registration pursuant to section 1145 of the Bankruptcy Code to the extent permitted or under the Securities Act by virtue of Section 4(a)(2) thereof and Regulation D promulgated thereunder or pursuant to the safe harbor provided by Regulation S under the Securities Act.

17. <u>Executory Contracts</u>. The SHA shall be deemed terminated on the Effective Date by operation of §§ 1.9, 1.11 and 23.1 thereof. On the Effective Date, all other Executory Contracts of the Debtor, other than any Executory Contract that (a) was previously assumed or rejected, (b) was listed in the Plan Supplement as an Executory Contract to be rejected by the Debtor pursuant to the Plan, or (c) is subject to a pending motion to assume or

30

reject as of the Confirmation Date, shall be deemed assumed as of the Confirmation Date (but

subject to the occurrence of the Effective Date) in accordance with, and subject to, the provisions

and requirements of sections 365 and 1123 of the Bankruptcy Code.

18.     All Executory Contracts assumed by the Debtor pursuant to the foregoing

(the "Assumed Agreements") shall remain in full force and effect for the benefit of the

Reorganized Debtor, as applicable, and be enforceable by the Reorganized Debtor, as applicable,

in accordance with their terms notwithstanding any provision in such Assumed Agreements that

purports to prohibit, restrict or condition such assumption.  Any provision in the Assumed

Agreements that purports to declare a breach or default based in whole or in part on the above-

captioned cases is hereby deemed unenforceable, and the Assumed Agreements shall remain in

full force and effect.

19.     Exemption from Certain Transfer Taxes.  Pursuant to, and to the fullest

extent permitted by, section 1146(a) of the Bankruptcy Code, any transfers of property in

contemplation of, in connection with, or pursuant to the Plan shall not be subject to any stamp

tax or other similar tax or governmental assessment in the United States, and this Confirmation

Order shall be deemed to direct the appropriate state or local governmental officials or agents to

forgo the collection of any such tax or governmental assessment and to accept for filing and

recordation instruments or other documents pursuant to such transfers of property without the

payment of any such tax or governmental assessment.  Such exemption specifically applies,

without limitation, to (1) the creation of any mortgage, deed of trust, lien or other security

interest; (2) the making or assignment of any lease or sublease; (3) any restructuring transaction

authorized by Article IV of the Plan; and (4) the making or delivery of any deed or other

instrument of transfer under, in furtherance of or in connection with the Plan, including: (a) any

merger agreements; (b) agreements of consolidation, restructuring, disposition, liquidation or

dissolution; (c) deeds; or (d) assignments executed in connection with any transaction occurring

under the Plan.

20.     Payment of Fees.  All fees due and payable pursuant to section 1930 of

Title 28 of the U.S. Code and statutory interest thereon prior to the Effective Date shall be paid

by the Plan Proponents.  The Plan Proponents shall remain obligated to pay quarterly fees to the

Office of the U.S. Trustee and statutory interest thereon until the earliest of the Debtor's case

being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code.

21.     Discharge of Debtor.  Pursuant to section 1141(d) of the Bankruptcy Code,

and except as otherwise specifically provided in the Plan or in this Confirmation Order, the

distributions, rights and treatment that are provided in the Plan shall be in full and final

satisfaction, settlement, release and discharge, effective as of the Effective Date, of all Claims,

Existing Interests and Causes of Action of any nature whatsoever, including any interest accrued

on Claims or Existing Interests from and after the Petition Date, whether known or unknown,

against the Debtor or any of its assets or properties, regardless of whether any property shall

have been distributed or retained pursuant to the Plan on account of such Claims and Existing

Interests, including demands, liabilities and Causes of Action that arose before the Effective Date,

any contingent or non-contingent liability on account of representations or warranties issued on

or before the Effective Date, any claim for damages asserted by Mr. Stephen Lynch on account

of the SHA, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the

Bankruptcy Code, in each case whether or not: (1) a Proof of Claim or Existing Interest based

upon such Claim, debt, right or Existing Interest is filed or deemed filed pursuant to section 501

of the Bankruptcy Code; (2) a Claim or Existing Interest based upon such Claim, debt, right or

32

Exiting Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of

such a Claim or Existing Interest has accepted the Plan. Except as otherwise provided herein,

any default by the Debtor with respect to any Claim or Existing Interest that existed before or on

account of the filing of the Chapter 11 Case shall be deemed cured on the Effective Date. The

Confirmation Order shall be a judicial determination of the discharge of all Claims and Existing

Interests subject to the Effective Date occurring, except as otherwise expressly provided in the

Plan.

22. <u>Releases and Exculpations</u>. Subject to paragraph 25 hereof, the releases

set forth in Article VIII.D of the Plan and the exculpation and limitation of liability provisions

set forth in Article VIII.E of the Plan are incorporated in this Confirmation Order as if set forth

in full herein and are hereby approved and authorized in their entirety and shall be, and hereby

are, effective and binding, subject to the respective terms thereof, on all persons and entities who

may have had standing to assert released Claims or Causes of Action, including Mr. Stephen

Lynch, and no person or entity shall possess such standing to assert such Claims or Causes of

Action after the Effective Date, including Mr. Stephen Lynch.

23. <u>Injunctions</u>. Except as otherwise expressly provided in the Plan, the Plan

Supplement, or related documents, or for obligations issued pursuant to the Plan, all Persons who

have held, hold or may hold Claims or Existing Interests that have been released pursuant to

Article VIII.D of the Plan, discharged pursuant to Article VIII.C, or are subject to Exculpation

pursuant to Article VIII.E, including Mr. Stephen Lynch, are permanently enjoined from and

after the Effective Date, from taking any of the following actions: (1) commencing or continuing

in any manner any action or other proceeding of any kind on account of or in connection with or

with respect to any such Claims or Existing Interests; (2) enforcing, attaching, collecting or

recovering by any manner or means any judgment, award, decree or order such Persons may

have on account of or in connection with or with respect to any such Claims or Existing Interests;

(3) creating, perfecting or enforcing any encumbrance of any kind such Persons may have

against such Persons or the property or estates of such Persons on account of or in connection

with or with respect to any such Claims or Existing Interests; and (4) commencing or continuing

in any manner any action or other proceeding of any kind on account of or in connection with or

with respect to any such Claims or Existing Interests released, settled or discharged pursuant to

the Plan.

24.    Exculpations.  Except as otherwise specifically provided in the Plan or

Plan Supplement, no Released Party shall have or incur, and each Released Party is hereby

released and exculpated from, any Exculpated Claim, obligation, Cause of Action or liability for

any Exculpated Claim.  The Plan Proponents, Debtor and Reorganized Debtor (and each of their

respective Affiliates, agents, directors, officers, employees, advisors and attorneys) have, and

upon Confirmation of the Plan shall be deemed to have, participated in good faith and in

compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation

and distribution of the Plan consideration, and, therefore, are not, and on account of such

distributions shall not be, liable at any time for the violation of any applicable law, rule or

regulation governing the solicitation of acceptances or rejections of the Plan or such distributions

made pursuant to the Plan.

25.    Plan Modifications.  The Plan, as modified, satisfies the requirements of

Bankruptcy Code sections 1122 and 1123.  Accordingly, pursuant to Bankruptcy Rule 3019,

these modifications do not require additional disclosure under section 1125 of the Bankruptcy

Code or re-solicitation of votes under section 1126 of the Bankruptcy Code, nor do they require

that holders of Claims be afforded an opportunity to change previously cast acceptances or

rejections of the Plan.  Such changes are approved pursuant to section 1127(a).  At the request of

the Plan Proponents, the Plan is hereby modified pursuant to section 1127(a) of the Bankruptcy

Code as set forth below:

> Article I, Section A, Paragraph 29: "*Exculpated Claim*" means any claim related
> to any act or omission in connection with, relating to or arising out of the
> Debtor's, the Plan Proponents', or VR Global's or their Affiliates' in or out-of-
> court restructuring efforts, the Plan Proponents' determination to declare the
> Existing Loans due, the Chapter 11 Case, the formulation, preparation,
> dissemination, negotiation or filing of the Plan or any contract, instrument, release
> or other agreement or document created or entered into in connection with the
> Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of
> consummation of the Plan, the administration and implementation of the Plan,
> including the issuance of the New Class A-1 Shares, the New Class A-2 Shares,
> and the New Class B-1 Shares, or the distribution of property under the Plan or
> any other related agreement; provided, however, that Exculpated Claims shall not
> include any claim arising out of any act or omission that is determined in a Final
> Order to have constituted gross negligence, willful misconduct, or intentional
> fraud to the extent imposed by applicable non-bankruptcy law; provided, further,
> that Exculpated Claim shall not include any claim which was determined in a pre-
> petition arbitration proceeding between the Debtor, the Plan Proponents or VR
> Global, on the one hand, and Stephen P. Lynch, on the other hand.  For the
> avoidance of doubt, no Cause of Action, obligation or liability expressly set forth
> in or preserved by the Plan or the Plan Supplement constitutes an Exculpated
> Claim.
>
> Article I, Section A, Paragraph 43: "*Modified Loans*" means new unsecured loans
> issued to Lapidem and Mascini under the Plan in exchange for the Existing Loans,
> in an aggregate amount equal to the Allowed Existing Loan Claims, with a
> maturity date of December 31, 2018 and zero interest, *provided however*, that the
> holders of the Modified Loans and Reorganized Kirwan may agree to modify the
> Modified Loans to provide for interest at a mutually agreeable market rate.
> Substantially final forms of the Modified Loans will be filed with the Plan
> Supplement.
>
> Article V, Section A: The Confirmation Order shall provide that the SHA shall be
> deemed terminated no later than the Effective Date by operation of §§ 1.9, 1.11
> and 23.1 thereof.  In the absence of any such determination, in the Plan
> Proponents' discretion, the SHA and every other Executory Contract, except for
> (i) that certain Share Purchase Agreement between Kirwan and PNS relating to
> the shares in Yukos Finance approved on October 1, 2010, and (ii) any
> engagement letter or fee agreement with any professional, shall be deemed

rejected as of the Effective Date. All engagement letters and fee agreements shall be assumed except as otherwise provided in connection with any Transaction. The Plan Proponents do not believe the Debtor is party to any Executory Contract other than the SHA and engagement letters and fee agreements with professionals. Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions or rejections of such Executory Contracts, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Unless otherwise indicated, all assumptions or rejections of Executory Contracts pursuant to the Plan are effective as of the Effective Date.

All assumed Executory Contracts shall remain in full force and effect for the benefit of the Reorganized Debtor, and be enforceable by the Reorganized Debtor in accordance with their terms, notwithstanding any provision in such assumed Executory Contract that prohibits, restricts or conditions such assumption, assignment or transfer. Any provision in the assumed Executory Contracts that purports to declare a breach or default based in whole or in part on commencement or continuance of this Chapter 11 Case or any successor cases is hereby deemed unenforceable. To the extent any provision in any Executory Contract assumed pursuant to the Plan (including, without limitation, any "change of control" provision) restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the Reorganized Debtor's assumption of such Executory Contract, then such provision will be deemed modified such that the transactions contemplated by the Plan will not entitle the non-debtor party thereto to terminate such Executory Contract or to exercise any other default-related rights with respect thereto. Each Executory Contract assumed pursuant to the Plan or by Bankruptcy Court order shall re-vest in and be fully enforceable by the Reorganized Debtor in accordance with its terms, except as such terms may have been modified by such order or by applicable law. Notwithstanding anything to the contrary in the Plan, the Plan Proponents, the Debtor or the Reorganized Debtor, as applicable, reserve the right to alter, amend, modify or supplement any list of Executory Contracts at any time before the Effective Date. After the Effective Date, the Reorganized Debtor shall have the right to terminate, amend or modify any contracts, leases or other agreements without approval of the Bankruptcy Court.

### Notice and Other Provisions

26.  Notice of Confirmation Order. On or before the fifth (5th) business day following the occurrence of the Effective Date, the Plan Proponents shall serve notice of entry of this Confirmation Order (which may be combined with the Notice of Effective Date) pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on (a) the Office of the United States Trustee for the Southern District of New York; (b) all parties who have requested notice of the

proceedings in the Chapter 11 Case; and (c) any such other party entitled to notice pursuant to

Local Rule 9013-1(b), by causing a notice of this Confirmation Order in substantially the form of

the notice annexed hereto as Exhibit B (the "Notice of Confirmation"), which form is hereby

approved, to be delivered to such parties by first class mail, postage prepaid or other valid

method of service.

27.     Notice need not be given or served under the Bankruptcy Code, the

Bankruptcy Rules, or this Confirmation Order to any Person to whom the Plan Proponents

mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable

as addressed," "moved - left no forwarding address," "forwarding order expired," or similar

reason, unless the Plan Proponents have been informed in writing by such Person of that Person's

new address.

28.     Mailing of the Notice of Confirmation in the time and manner set forth in

the preceding paragraphs shall be good and sufficient notice under the particular circumstances

and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or

further notice is necessary.  The Notice of Confirmation shall have the effect of an order of the

Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to any

filing and recording officers, and shall be a recordable instrument notwithstanding any contrary

provision of applicable non-bankruptcy law.

29.     Failure to Consummate Plan.  If the Effective Date does not occur, then (1)

the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the

Plan (including the fixing or limiting to an amount certain of any Claim or Existing Interest or

Class of Claims or Existing Interests), assumption or rejection of Executory Contracts effected

by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null

and void; and (3) nothing contained in the Plan or this Confirmation Order shall, and no acts

taken in preparation for consummation of the Plan, shall, or shall be deemed to: (a) constitute a

waiver or release of any Claims or Existing Interests; (b) prejudice in any manner the rights of

the Debtor, the Plan Proponents or any other Person; (c) constitute an admission,

acknowledgement, offer or undertaking of any sort by the Plan Proponents or any other Person,

or (d) be construed as a finding of fact or conclusion of law with respect thereto.

30.    <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be

deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

31.    <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are

hereafter reversed, modified or vacated by subsequent order of this Court or any other court,

such reversal, modification or vacatur shall not affect the validity of the acts or obligations

incurred or undertaken under or in connection with the Plan prior to the Plan Proponents' or

Debtor's receipt of written notice of such order.  Notwithstanding any such reversal, modification

or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant

to, and in reliance on, this Confirmation Order prior to the effective date of such reversal,

modification or vacatur shall be governed in all respects by the provisions of this Confirmation

Order and the Plan and all related documents or any amendments or modifications thereto.

32.    <u>References to Plan Provisions</u>.  The failure to include or specifically

reference any particular provision of the Plan in this Confirmation Order shall not diminish or

impair the effectiveness of such provision, it being the intent of the Court that the Plan be

confirmed in its entirety.

33.    <u>Exhibits</u>.  Each reference to a document, agreement or summary

description that is in the form attached as an exhibit to the Plan in this Confirmation Order, or in

the Plan shall be deemed to be a reference to such document, agreement or summary description in substantially the form of the latest version of such document, agreement or summary description filed with the Court (whether filed as an attachment to the Plan or filed separately).

34.     <u>Plan Provisions Mutually Dependent</u>.  The provisions of the Plan are hereby deemed nonseverable and mutually dependent.

35.     <u>Confirmation Order Provisions Mutually Dependent</u>.  The provisions of this Confirmation Order are hereby deemed nonseverable and mutually dependent.

36.     <u>Confirmation Order Supersedes</u>.  It is hereby ordered that this Confirmation Order shall supersede any orders of this Court issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.

37.     <u>Conflicts Between Confirmation Order and Plan</u>.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; <u>provided, however</u>, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

38.     <u>Applicable Non-bankruptcy Law</u>.  Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, the Plan Supplement and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

39.     <u>Waiver of Filings</u>.  Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtor to file any list, schedule, or statement with

the Bankruptcy Court or the Office of the U.S. Trustee is hereby waived as to any such list,
schedule, or statement not filed as of the Confirmation Date.

40. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall
constitute all approvals and consents required, if any, by the laws, rules, or regulations of any
state or other governmental authority with respect to the implementation or consummation of the
Plan and Disclosure Statement, any documents, instruments, or agreements, and any
amendments or modifications thereto, and any other acts referred to in, or contemplated by, the
Plan and the Disclosure Statement.

41. <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a) and 1142 of the
Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of
the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain
exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the
Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in
Article XI of the Plan, including enforcement of the exculpation and injunction provisions.

42. <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or other
federal law is applicable, or to the extent an exhibit hereto or a schedule in the Plan Supplement
specifically provides otherwise, the rights, duties, and obligations arising under the Plan shall be
governed by, and construed and enforced in accordance with, the laws of the State of New York,
without giving effect to the principles of conflict of laws thereof.

43. <u>Immediate Effectiveness</u>. Notwithstanding Bankruptcy Rules 3020(e),
6004(h), 7062, 8001, 8002 or otherwise, immediately upon the entry of this Confirmation Order,
the terms of the Plan, the Plan Supplement, and this Confirmation Order shall be, and hereby are,
immediately effective and enforceable and deemed binding upon the Debtor, the Reorganized

Debtor, any and all holders of Claims or Existing Interests, including Mr. Stephen Lynch (irrespective of whether such Claims or Existing Interests are Impaired under the Plan or whether the holders of such Claims or Interests accepted, were deemed to have accepted, rejected or were deemed to have rejected the Plan), any trustees or examiners appointed in the Chapter 11 Case, all persons and entities that are party to or subject to the settlements, compromises, releases, discharges, injunctions, stays and exculpations described in the Plan or herein, each person or entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, of any of the foregoing. The Debtor and the Plan Proponents are authorized to consummate the Plan at any time after the entry of the Confirmation Order subject to satisfaction or waiver of the conditions precedent to consummation set forth in Article IX.B of the Plan.

44. <u>Post-Confirmation Reporting and Closing of Case</u>. The Plan Proponents shall file a report every six months after the Confirmation Date detailing progress toward consummation of the Plan until such date as they shall file a final report and seek an order closing this case in accordance with the Local Bankruptcy Rules.

Dated: White Plains, New York
        March 21, 2017

/s/Robert D. Drain
Honorable Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE